a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WILLIE BELL JR #385817,                         CIVIL DOCKET NO. 1:26-CV-00531
Petitioner                                                                      SEC P

VERSUS                                                                    JUDGE DRELL

DARREL VANNOY,                           MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §

2254 (ECF No. 1) filed by *pro se* Petitioner Willie Bell, Jr. ("Bell").  Bell is an inmate

in the custody of the Louisiana Department of Corrections, incarcerated at the

Louisiana State Penitentiary in in Angola, Louisiana.  Bell challenges his conviction

and sentence imposed in the Tenth Judicial District Court, Natchitoches Parish.

Because Bell did not obtain authorization from the appellate court, the Petition

(ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I.      Background

Bell was convicted of second-degree murder in 1997 and sentenced to life

imprisonment.  ECF No. 1-2 at 1.  The conviction and sentence were affirmed, and

the Louisiana Supreme Court denied writs.  *State v. Bell*, 98-3112 (La. 4/23/99); 740

So. 2d 649.

Bell filed a Petition for Writ of Habeas Corpus under § 2254, which was denied

and dismissed as untimely.  *See Bell v. Warden*, 1:02-CV-1467, W.D. La., ECF No.

1

10.  Bell filed a second and successive habeas Petition, which was dismissed because he had not obtained authorization from the United States Court of Appeals for the Fifth Circuit.  *Bell v. Vannoy*, 1:20-cv-00858 (W.D. La.).  Thereafter, Bell sought authorization from Fifth Circuit, which was denied.  *Id.* at ECF No. 13.

Bell alleges that the State failed to disclose a witness statement prior to trial, and his attorney was disbarred in 2003.

## II.    Law and Analysis

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. . . ."  28 U.S.C. § 2244.  A habeas corpus petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."  *In re: Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  "[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised."  *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

As Bell has previously been informed, before filing a second or successive § 2254 application, he must obtain authorization from the Fifth Circuit.  *See Bell*, 1:20-cv-00858 (W.D. La.), ECF Nos. 7; 13.

III.    Conclusion

Because Bell does not have authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE to Bell's right to seek authorization.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 14, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3